HERSCHKOVITZ v. BRADLEY et al.

(Supreme Court, Appellate Term.   April 24, 1906.)

WORK AND LABOR—ACTION—EVIDENCE.

In an action for services evidenced by pay tickets issued by the defendants, evidence *held* sufficient to justify a judgment in favor of plaintiff.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Bennie Herschkovitz against William Bradley and others. From a judgment in favor of plaintiff, defendants appeal.   Affirmed.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

John H. Mulcahey and S B. Livingston, for appellant.

Emanuel Klein, for respondent.

BISCHOFF, J.   The action was for work, labor, and services in removing snow from the streets of the city, at the instance and request of the defendant Bradley, a general contractor with the municipality, and the items of work were evidenced by pay tickets, issued, in accordance with the system adopted by the defendant, to the plaintiff's assignor or his servants.   According to this system, "snow tickets" were given by the defendant's agents upon the streets to drivers of dump carts when a load of snow was taken, which tickets were transferred at the dock, where the load was dumped, for "pay tickets," showing that the work was done.   The testimony for the plaintiff disclosed, generally, that all tickets in his hands were received in the usual course of dealing under this system, and these tickets were delivered in gross to the defendant, who gave a receipt for the number.   Each ticket called for 33 cents compensation for work done, and while, of course, not of the character of negotiable instruments, the ticket was as between the parties, evidence of the fact as to which they, by agreement, had made it the token—that is, the fact of the performance of so much work at an established price.   The defense was directed to the proposition that the plaintiff's assignor did not receive these tickets in the usual course of dealing which they purported to evidence, the claim being that the pay tickets were distributed to drivers at the docks from pads of 100 tickets, each ticket consecutively numbered and torn, one at a time, from the pad, as a driver unloaded his car.   According to the defendant's witnesses, who checked off the tickets received from the plaintiff, some of them were consecutively numbered from 1 to 100 and in one instance from 1 to 147, and the defendant's contention is that there must have been fraud, or that, in any event, the value of the evidence afforded by the possession of the tickets was destroyed, since the plaintiff's assignor did not use more than 46 carts at a time.

This does not follow from the facts presented.   According to the defendant's own evidence, there was a complete checking system governing the issuance of these tickets, and if, in fact, there had been any irregularity, the proof which was peculiarly available to the defendant should have been produced by him.   Again, there were several dumping docks within the territory covered by the transactions in suit, yet the system of giving tickets, one at a time, was proven only with regard to one dock, and it was not shown that the tickets, apparently

alike, had been issued from pads at none but this dock. For all that appears, the plaintiff's tickets may have been issued at different docks, and his drivers may have been given tickets exclusively from a particular book, at the election of the distributing agents, in the instances referred to, or, indeed, error may have crept into the method of checking off the tickets received from the plaintiff by the defendant's employés. It was thus by no means clear that these tickets were not actually received in the usual course of business, and the prima facie proof afforded by the plaintiff's evidence of possession, and the general manner in which that possession had been obtained, sufficed for the favorable finding of the court.

The judgment should be affirmed, with costs.   All concur.